**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE** _western_ **DISTRICT OF TEXAS**
_Waco_ **DIVISION**

MAY 2 6 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

_Bobby Oxford # 1656735_
Plaintiff's Name and ID Number

_William Boyd unit - CID_
Place of Confinement

CASE NO. **W17CA139**
(Clerk will assign the number)

v.

_university of Texas Medical Branch 301 university Blvd. Galveston, Texas_
Defendant's Name and Address

_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly  handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.**  ATTACH AN ADDITIONAL BLANK  PAGE AND  WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? _X_ YES ___NO

    B.  If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: _April 17, 2017_

        2.  Parties to previous lawsuit:

            Plaintiff(s) _Bobby Edward Oxford_

            Defendant(s) _Texas Department of Criminal Justice, Lorie Davis_

        3.  Court: (If federal, name the district; if state, name the county.) _U.S. District, Waco_

        4.  Cause number: _6:17-cv-00121, docket no. W-17-CA-121-RP_

        5.  Name of judge to whom case was assigned: _Honorable Robert L. Pitman_

        6.  Disposition: (Was the case dismissed, appealed, still pending?) _Still Pending_

        7.  Approximate date of disposition: _N/A_

Rev. 05/15

II.   PLACE OF PRESENT CONFINEMENT: _Boyd Unit-CID, TDCJ_

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    _X_ YES  ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _Bobby Oxford, #1656735, Boyd Unit, 200 spur 113, Teague, Texas 75860_

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _(Doctor) Juan Ortega Barnett, 301 University Blvd. Galveston, Texas_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_cut nerves and muscles in my lower back._

Defendant #2: _Emma Delancey (RN) Boyd Unit, 200 spur 113, Teague, Texas 75860_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_she denied me adequate medical needs and care._

Defendant #3: _Susan Waters, (CCA) Boyd Unit, 200 spur 113, Teague, Texas 75860_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Denied me adequate medical needs (Therapy) and care._

Defendant #4: _Wanda Isbell (PA) went to another unit_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_she denied me adequate medical needs and care._

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Doctor Barnett at Hospital Galveston cut nerves and muscles going to my left hip, legs and foot. I am numb on that side.

Ms Delancey at the Boyd Unit denied me Cronic care to see Doctors and correct medical providers as well as adequate medical needs and care.

Susan Waters, Boyd Unit, denied me Treatment and medical items.

Wanda Isbell, (Transfered) denied me adequate needs and care after surgery.

VI.  RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Don't allow These people To practice medical and allow plainTiff The relief he seeks in his brief.

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Bobby Edward Oxford SR.

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ no. 1656735, Idaho no. 48660

VIII.  SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  _X_ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): ____N/A____

2.  Case number: ____N/A____

3.  Approximate date sanctions were imposed: ____N/A____

4.  Have the sanctions been lifted or otherwise satisfied? ____YES  _X_ NO

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES _X_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____ *N/A* _____

2. Case number: _____ *N/A* _____

3. Approximate date warning was issued: _____ *N/A* _____

Executed on: _*5/22/17*_
DATE

_*Bobby Oxford*_

_*Bob Oxford*_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _*22*_ day of _*May*_, 20 _*17*_.
(Day)                    (month)                    (year)

_*Bobby Oxford*_

_*Bob Oxford*_
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

BOBBY EDWARD OXFORD                    §
                                       §
V.                                     §        CAUSE no._____
                                       §
UNIVERSITY OF TEXAS                    §
MEDICAL BRANCH et al                   §
OFFICIALLY AND OR INDIVIDUALLY         §


## PLAINTIFF'S ORIGINAL MEMORANDUM OF LAW

1) DISCOVERY.

   Discovery in this cause is intended to be conducted under the Federal Rules
of Civil Procedure.


2) PARTIES.

   This suit is brought by Bobby Oxford, plaintiff, pro se, who is a TDCJ inmate
currently confined at the Boyd Unit, 200 spur 113, Teague, Texas.

   Defendant's are (Doctor) Juan Ortega Barnett in Galveston, Texas, Emma Delancey
(RN), Susan Waters (CCA), Boyd Unit, Wanda Isbell (PA) went to another unit,
ALL who acted under color of law.


3) JURISDICTION & VENUE.

   Jurisdiction & Venue in this cause is correct as the incident giving rise
to the following claim accured in Freestone County, being that UTMB is a medical
provider at Boyd Unit. As to the Doctor, he is part of UTMB and is in Galveston,
Texas.


4) SERVICE OF PROCESS.

   Process should be served on Juan Ortega Barnett (Doctor) at UTMB correctional
Medical Hospital, 301 University BLVD. Galveston, Texas, Emma Delancey, and Susan
Waters is to be served at the Boyd Unit, 200 spur 113, Teague, Texas, Wanda Isbell
went to another unit. All of the Defendants are NOT immune from LIABILITY.

## 5) CASE SUMMARY.

This is a suit for MEDICAL MALPRACTICE, monitary, punitive, nominal and or compensatory compensation that stems from the Defendant (Doctor) cuting nerves and muscles in Plaintiff's back to which left Plaintiff's left side, leg and foot NUMB and the muscles in those areas not working properly.

As to the other Defendant's at the Boyd Unit, they KNOWINGLY and WILLINGLY, INTINTUALLY disobeyed the Doctors request (orders) to help heal Plaintiff's back correctly, as well refused plaintiff ADEQUATE medical care and treatment, Treated him with Deliberate Indifference to serious medical needs.

## 6) ACTUAL DAMAGE.

On or about the year of 2014 plaintiff started going to medical for his back pain. After seeing a Doctor, the Doctor, he recommended soft sole shoes, back brace and foam matteres to stop the constant pain of vibration when Plaintiff walked because of deterioration of his lower back and the pinching of the nerves. The Defendants who are listed at the Boyd Unit, REFUSED the recommendation of the Doctor. As time went on, it had gotten worse when Plaintiff walked and slept. After 3 MRI'S and several x-rays, the Doctor decided to do surgery. Plaintiff asked the Doctor if the refusing of the Defendant's allowing Plaintiff the items he recommended had played a part to having to have surgery? The Doctor said YES. Other words if Plaintiff was allowed the items, he would NOT of had to have surgery until alot later date if any.

Plaintiff could walk good and had ALL feeling in BOTH legs and feet BEFORE surgery. The only problem was the pinching of nerves when he walked with hard sole shoes.

On February 19th, 2015 Plaintiff had back surgery. The surgery took 10 hours. When the Doctor thought it would be about 4 hours, the Doctor found alot more damage to the lower spine. The Doctor had used two rods, plate and screws. When Plaintiff woke up after surgery, he could not feel his left leg or foot, and also had a sore on his right lower leg, that was not there before surgery. The Doctor ordered a cat-scan after he found that Plaintiff could not feel his foot. After about 2 days a therapist came to see if Plaintiff could walk up 3 steps, Plaintiff could by holding on to the rail because he had no feeling in his leg or foot and could barily walk with little use of his leg or foot. Then the therapist asked Plaintiff to try on some pants, the only way that he could put on the pants were by sitting on the edge of the bed. The Doctor released Plaintiff from the hospital and would not check Plaintiff further. plaintiff never seen his Doctor

in person or had a phisical any more since the surgery. MONTHS later Plaintiff
seen his Doctor only on TV.

Plaintiff was released from the hospital without ANY tipe of means to help
him walk.

Plaintiff did not see his Doctor anymore while he was in the hospital.

When Plaintiff arrived at the Boyd Unit (days later) he had to check into
medical. A nurse gave him a walker because she seen Plaintiff could not walk.
About 7 days later Plaintiff had his staples taken out, defendant's seen plaintiff
with the walker so plaintiff was laid into see Ms.Isbell, Ms Delancey and Ms
Waters said that plaintiff had no record of having the walker given to him, so
they took the walker from plaintiff. Thirty minutes later plaintiff was called
back to medical to get the walker. After that, plaintiff was laid in July 31,2015
to give the walker up. Plaintiff asked who ordered the walker to be taken, no
reply, so plaintiff asked for a cane to help him walk. The answer was NO. Plaintiff
tried several times to get a cane and was REFUSED until a year later when he
seen Dr. Williams (may 19, 2016) and said plaintiff was to have a cane. Ms Waters
REFUSED to allow the cane until plaintiff told her he was going to have his family
contact the patient Liaison program. Then plaintiff was called to medical on
JUNE 7, 2016 and was given a cane.

Plaintiff was to have therapy about a month after his surgery. When it was
time for therapy at another Unit,(Beto) plaintiff could not go because he had
about five days to have a brief in to Court in his felony case. When plaintiff
told Ms Waters about it, she told plaintiff to sign a REFUSAL not a RESCHEDULE.
At that time plaintiff did not know he could sign a RESCHEDULE, defendant did
not tell plaintiff about it.

Plaintiff seen his Doctor on TV a couple more times and the Doctor still
recommended plaintiff to have the items he requested as well as therapy knowing
that therapy was not going to help after he cut nerves and musles. Needless to
say the defendants said NO.

After about a year had passed, plaintiff seen a Doctor on TV (4-7-16 Dr.
Bouwer) and she said once your nerves are cut, if they were to heal, they would
of healed in six months. Therefore the damage was already done sence the surgery
and Doctor Barnett new that nothing would help plaintiff but he tried to use
up the two year statute for filing a suit.

Now plaintiff is left with limited use of walking, constant pain from his muscles in his left side and numb from his left hip to his toes. Plaintiff has restless nights and sharp pain shooting from his back to his toes once he lays down. He can not lift over 20 lbs or he gets trimindis pain shooting through both legs. Plaintiff is still using a cane for ballance.

## 7) CAUSE OF ACTION.

Prison and medical staff are obligated under the EIGHTH Amendment to provide prisoners with ADEQUATE medical care. ESTELL V. GAMBLE 429 U.S. 97,103 (1976). This principle applies regardless of whether the medical care is provided by governmental employees or by private medical staff under contract with the government. WEST V. ATKINS 487 U.S. 42,58 (1988), RICHARDSON V. Mc.KNIGHT 521 U.S. 399 (1997).

The defendants caused "deliberate indifference" when defendants recklessly disregarded the substantial risk of harm that caused the problems plaintiff has today. FARMER V. BRENAN 511 U.S. 825,836 (1994). This is a higher standard than negligence and requires that the medical staff knows of and disregard an excessive risk of harm to plaintiff. Id at 837. (to which did happen by refusing medical therapy and items).

A serious medical need (back surgery) is present whenever the failure to treat a prisoner's condition that could result in further significant injury or the unnecessary and wanton infliction of pain.

SIGNIFICANT INJURY, pain or loss of function can constitute "serious medical needs" BOUCHARD V. MAGNUSSON 715 F. supp 1146,1148 (D. Me. 1989), WASHINGTON V. DUGGER 860 F. 2d 1018,1021 (11th cir. 1988).
Denial of treatments that could "eliminate pain and suffering at least temporarily" one Court described a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

After the surgery plaintiff is worse off than before the surgery. The question at hand now is could this of been avoided? YES it could of been. Was the surgery nessesary? That is the question now? "As in plaintiffs case defendants denied him "ADEQUATE medical care". ESTELL 429 U.S. at 104, JETT V. PENNER 439 F. 3d 1091,1096 (9th cir. 2006). "UNNECESSARY AND WANTON INFLICTION OF PAIN".

All of this pain and not being able to walk much and ballance, has caused significantly affects on plaintiffs daily activities for the rest of his life. This is cruel and unusual punishment as well as a violation of the EIGHTH Amendment Right. Given the fact that this occurred while incarcerated, the state is held LIABLE as well for Punitive Damages.

8) FISICAL INJURY DAMAGES, to which a governmental employee does not have immunity from being sued in his Official capacity while working under color of law as long as there is CAUSE OF ACTION.

The reckless conduct of the Defendants caused Plaintiff severe emotional distress in the form of highly unpleasant mental anguish, grief, fright, humiliation, fury and great pain, for which plaintiff has recieved past medical treatment within the Texas Department of Criminal Justice.

Plaintiff is suing for Monetary, Punitive, nominal and or compensatory compensation, past, present and future in the amount of $100.000.oo each, for permanant nerve damage and intentionaly caused Emotional Distress by the Reckless misconduct, Total damages of $400.000.oo .

## PRAYER

Wherefore, premises considered, Plaintiff prays that citation and notice be issued as required by law, the Court set this cause for hearing on the merits, and enter a judgment against Defendants awarding Plaintiff $100.000.oo from each Defendant, plus reasonable pro se attorney infact fees and Court costs, and GRANT Plaintiff leave to proceed in forma pauperis.

Plaintiff prays for general relief.

FESP

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument was mailed through the Boyd unit mail on this _22_ day of _May_ ,2017 to the U.S. Court in Waco, Texas.

RESPECTFULLY SUBMITTED

_Bob Oxford_

BOBBY OXFORD
TDCJ no. 1656735
BOYD UNIT
200 spur 113
TEAGUE, TEXAS 75860
plaintiff pro se

P.5

CLERK, U.S. DISTRICT COURT          DATE
WESTERN DISTRICT OF TEXAS          5/22/17
UNITED STATES COURTHOUSE
800 FRANKLIN AVE., RM 380
WACO, TEXAS 76701

RECEIVED

MAY 26 2017

CLERK, U.S. DISTRICT COURT.
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

DEAR CLERK,

My name is Bobby Oxford, TDCJ no.1656735, Please find enclosed 1983 and it's brief to be filed.

This suit was filed in Fairfield, 87th District Court December 6, 2016. This suit number was 16-394-B.

Plaintiff did file the suit within the statute of limitations.

Said District Court would not reconnize plaintiff as a filer and would not file anything on time as the books say. Plaintiff had a hard time communicating with that Court.

On or about May 16, 2017 I filed a Motion to DISMISS WITH LEAVE to file this suit in the U.S. Court of Waco.

I have a simular case in your Court at this time, case no. 6:17-cv-121, Docket no. W-17-cv-121.

I would like your Court to please except this case and DISMISS it out of the 87th District Court.

I have notified Defendants Counsel of this filing and DISMISS WITH LEAVE.

Defendants have been served by citation except for (PA) Wanda Isbell because she went to another unit.

Counsel for Doctor Juan Ortega Barnett is, S.R.Lewis, 2902 Dominique Dr., Galveston, Texas 77551-1571 and counsel for Emma Delancey and Susan Waters is, Briana M. Webb, Assistant Attorney General, P.O.Box 12548, Austin, texas 78711-2548.

Please let me know if there is anything else you need me to do.

As far as EXHIBITS, please use the same exhibits out of docket no. W-17-cv-121.

I have no way to make copies, but I do have an abundent amount of I-60's and grievances to use in Court.

RESPECTFULLY SUBMITTED

*Bob Oxford*

BOBBY OXFORD
TDCJ no.1656735
BOYD UNIT
200 spur 113
TEAGUE, TEXAS 75860 .      plaintiff pro se

Bobby Oxford
TDCJ no. 1656735
Boyd Unit
200 Spur 113
Teague, Texas 75860

Legal Mail

Clerk, U.S. District Court
Western District of Texas
United States Courthouse
800 Franklin Ave., RM 380
Waco, Texas 76701

THU 25 MAY 2017